Middleton, J.
The only issue submitted is the construction of Section 5546-9a, General Code, which provides :
“* * * The commissioner shall give to the vendor or consumer, written notice of such assessment. Such notice may be served upon the vendor or consumer personally or by registered mail.
i i * ft *
“Unless the vendor or consumer, to whom said notice of assessment is directed, shall, within thirty days after service thereof, either personally or by registered mail, file a petition in writing, verified un *125 der oath, by said vendor, consumer, or his duly authorized agent, having knowledge of the facts, setting forth with definiteness and particularity the items of said assessment objected to, together with the reason for such objections, said assessment shall become and be deemed conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the Treasurer of State.”
The respondent takes the position that the relator’s reassessment petition was not filed within 30 days after service of notice upon him and, therefore, the Tax Commissioner was without authority to receive the petition or to take any action with respect thereto.
The problem of construing this statute with respect to the time and manner of serving the notice and filing the petition must be approached realistically. The statute from which the above portion is quoted authorizes the Tax Commissioner to make an assessment against the vendor or consumer “based upon any information within his possession, or that shall come into his possession.” The notice of assessment so authorized to be served upon the vendor or consumer is not a preliminary notice that an assessment is contemplated but is a final notice that an assessment has been made. In this respect the situation differs materially from the institution of an ordinary action at law where summons is served preliminary to the rendering of a decision. Here the decision has been made before the notice is served. With these facts in mind it would seem reasonable to conclude that the legislators intended that the vendor or consumer have 30 days within which to prepare his objections to the assessment and his petition setting out those objections.
Under this hypothesis it becomes significant that the legislators provided with respect to the notice that it “may be served upon the vendor or consumer personally or by registered mail” and that with respect to *126 the petition it shall be filed “either personally or by registered mail.” (Emphasis supplied.) Obviously, the vendor or consumer was entitled to actual notice of the assessment which would have the effect of a judgment against him if not contested. Actual service of the notice upon him was contemplated by the statute, which service could be made either personally or by registered mail delivered to him. Although a registered return receipt card bearing the purported signature of the addressee would presumably show actual delivery to him, the addressee could rebut that presumption by evidence. If some unauthorized person receipted for the communication and the addressee did not receive the communication until several days or weeks after its purported delivery, he would have no opportunity within 30 days of the purported delivery date to file his petition. The petition in mandamus alleges that relator did not receive the notice until several days after the purported date of delivery. Upon demurrer that allegation is admitted and consequently negatives delivery of the notice to the relator on the purported date of delivery which was April 17, 1951. It, therefore, can not be said as a matter of law that the 30-day period started to run on April 17, 1951.
Upon the theory that the notice was delivered to the relator on April 17, 1951, the respondent claims that the reassessment petition was not “filed” until May 18,1951 (more than 30 days), that being the date when the petition was received in the respondent’s office at Columbus, notwithstanding the fact that the petition was forwarded by registered mail from Fremont on May 16, 1951. Here again the court must determine the intent of the legislators in providing that the petition may be filed “either personally or by registered mail. ’ ’
*127 It would seem manifest that something other than the physical lodging of the petition in the office of the respondent yr&s contemplated when the use of registered mail was authorized. If the physical lodging of the petition was all that was being given consideration, the statute could have provided simply that the petition should be filed within 30 days. It would have been unnecessary to say more. The petition could have been delivered to the respondent’s office by the petitioner personally or by messenger or by registered mail or by ordinary mail. The legislators would not have been interested in any particular method of delivering it. The only circumstance of importance would have been that the petition be in the hands of the respondent within the 30 days. The legislators, however, did not frame the provisions so simply. They inserted what we consider to be a provision for the benefit of the petitioner giving him an option of two methods of delivering the petition to the respondent. He could either deliver it personally or he could deposit it in a post office by registered mail and such depositing by registered mail would be considered filing as contemplated in the statute. This construction is consistent with the premise that the primary intent of the legislators was to give the petitioner 30 days between the receipt of the notice and the completion and forwarding of his petition. If he lived in Columbus near the respondent’s office the option to use registered mail might be of little consequence but if he was in a remote part of the state or was temporarily absent from the state in a far distant section of the country, the delivery of the petition to the respondent might consume several days and it would be reasonable to accord the petitioner the privilege of depositing his petition in the mail wherever he was, it being registered to insure its ultimate delivery. We, there *128 fore, believe that the legislators intended that depositing the petition in a post office to be forwarded by registered mail constituted filing of the petition within the meaning of the statute.
We, therefore, agree with the conclusion reached by the Court of Appeals and the judgment of that court is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias and Hart, JJ., concur.